J. BURTON FORET, Justice ad hoc.*
The issue in this matter is whether a person found guilty of conspiracy to commit first degree murder is eligible for parole under the provisions of LSA-R.S. 14:26(B).
Defendant, Michael Ferguson, was charged with conspiracy to commit first degree murder, in violation of LSA-R.S. 14:26. See also LSA-R.S. 14:30. The defendant pleaded guilty pursuant to a plea bargain arrangement and was sentenced to twenty-one years imprisonment at hard labor. It was stipulated that no restrictions would be placed upon the defendant’s eligibility for parole. LSA-R.S. 15:574.2 et seq.
FACTS
The trial court, in sentencing the defendant, recognized that this Court had never squarely addressed the issue of a murder conspirator’s eligibility for parole. A “Memorandum of Sentence Understanding” was executed in which the trial court spelled out its intention to impose a non-pa-rolable sentence of ten and one-half years in the event that defendant’s original sentence was judicially overturned. This was done in an attempt to avoid the possibility that an erroneous grant of such parole eligibility might later be used collaterally to assail the accused’s guilty plea. This memorandum was signed by the defendant and filed into evidence on October 26, 1979.
Defendant filed a petition for habeas corpus on December 18,1979, claiming that the Louisiana Department of Corrections had incorrectly classified him as being ineligible for parole in violation of the “Memorandum of Sentence Understanding”. Defendant sought to either be released from custody or to be sentenced in accordance with the express intentions of the trial court.
The district court denied defendant’s application, finding it to be premature. This Court then granted the defendant’s application for writs, State v. Ferguson, 381 So.2d 1245 (La.1980), and remanded the matter to the trial court for consideration of the merits of defendant’s application. The trial court, on remand, again sentenced defendant to twenty-one years imprisonment at hard labor emphasizing that this commitment was made under the general parole law. The trial court further instructed defendant that the purpose of this “resen-tence” was to allow him to seek relief within the Department of Corrections.
DEFENDANT’S ELIGIBILITY FOR PAROLE
Defendant argues, on this appeal, that his conviction for conspiracy to commit first degree murder properly precluded any possibility of release on parole and that, for this reason, the trial court’s granting of such parole eligibility was improper. Defendant further contends that reversal of his illegal sentence will necessitate imposition of a ten and one-half year sentence pursuant to the plea bargain arrangements made below.
LSA-R.S. 14:30 provides, in pertinent part, that:
“Whoever commits the crime of first degree murder shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence in accordance with the recommendation of the jury.” (Emphasis ours.)
LSA-R.S. 14:26(B) provides that:
“B. Whoever is a party to a criminal conspiracy to commit any crime shall be fined or imprisoned, or both, in the same manner as for the offense contemplated *712 by the conspirators; provided, however, whoever is a party to a criminal conspiracy to commit a crime punishable by death or life imprisonment shall be imprisoned at hard labor for not more than thirty years.” (Emphasis ours.)
LSA-R.S. 14:26(B), on its face, places no restrictions on the availability of parole for a murder conspirator. The “provided however” clause indicates both the term “thirty years” and the manner “at hard labor” of imprisonment for individuals convicted of conspiracy to commit a crime punishable by death or life imprisonment. To accept the defense’s suggestion that the “in the same manner” language of the previous clause be construed as limiting a murder conspirator’s eligibility for parole would wholly vitiate the “provided however” clause which appears to be properly construed as an exception to the first clause. Since there is no express “direct or indirect” reference to parole, none can be properly assumed.
This Court, in State v. Welch, 368 So.2d 965 (La.1979), had occasion to interpret LSA-R.S. 14:27(D)(1) which reads as follows:
“D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years:”
The defendant in that case had been convicted of attempted aggravated rape. LSA-R.S. 14:42 in effect at that time provided that: “Whoever commits the crime of aggravated rape shall be punished by death”. We there concluded that sentences imposed for conviction of an attempt to commit an offense punishable by death or life imprisonment could not, as a matter of law, be without benefit of parole. In view of the identical language contained in LSA-R.S. 14:26(B), this result should be equally controlling as to conspiracy convictions punishable by death or life imprisonment.
The Louisiana Attorney General’s office [1], in response to an inquiry from the Department of Corrections, issued Opinion Number 79-901 which reads:
“It is the opinion of this office that the language “in the same manner as” used in both of the above quoted articles indicates that the legislature in drafting the article intended that a person convicted of criminal conspiracy should receive the same sentencing consideration as provided for the particular substantive crime itself, with the specific time exceptions enumerated in the statute. Therefore, a person convicted and sentenced for conspiracy to commit an offense for which the punishment for the basic intended crime is life imprisonment without parole, probation, or suspension of sentence is not eligible for parole, probation or suspension of sentence. This reasoning would lead to a similar result in reference to your third listed circumstance in the case of conspiracy.”
We find that this opinion ignores the fact that the “provided however” clause of LSA-R.S. 14:26{B) does not merely provide for a specific term of incarceration in cases where the intended crime is punishable by death or life imprisonment, but also stipulates the manner of such imprisonment (“at hard labor”).
We hold that a person found guilty of conspiracy to commit first degree murder is eligible for parole under the provisions of LSA-R.S. 14:26(B).
The sentence imposed by the trial court on the defendant of twenty-one years imprisonment at hard labor with benefit of the general parole law is affirmed.
SENTENCE AFFIRMED.

 Judges Edmond L. Guidry, Jr., J. Burton Foret and P. J. Laborde, Jr. of the Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.

. The State in brief on this appeal now takes the position that LSA-R.S. 14:26(B) allows parole eligibility for a person convicted of criminal conspiracy to commit a crime punishable by death or life imprisonment.